UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
 )
 )
 Plaintiff, )
 )
v. )
 )
ABS WAREHOUSE, INC., d/b/a )
Super-Lube, Inc. )
 )
 Defendant. )
 )
 )
 )

1:09CV2041

Civil Action No.

JUDGE BOYKO

COMPLAINT AND DEMAND
FOR JURY TRIAL

MAG. JUDGE PERELMAN

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Erin Burnside, sex, female. The Commission alleges that from September, 2008 through February 2009, Defendant unlawfully harassed Burnside because of her sex and created a sexually hostile environment which resulted in Erin Burnside's constructive discharge from her job.

## JURISDICITION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981A.

2. The employment practices alleged to be unlawful were committed and are being committed within the jurisdiction of the United States District Court for the Northern District of Ohio.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, ABS Warehouse, Inc. d/b/a Super-Lube, Inc., ("Defendant"), an Ohio corporation, has continuously been an employer doing business in Cleveland, Ohio and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Erin Burnside filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least September, 2008, Defendant has engaged in unlawful employment practices at its Cleveland, Ohio facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. Section 2000e-2(a)(1), by discriminating against Erin Burnside when it did not prevent the sexual harassment of Ms. Burnside, maintained a sexually hostile

work environment, and constructively discharged Ms. Burnside. The practices include the following:

(a) Ms. Burnside's male co-worker addressing her daily as "whore", repeating sexually explicit jokes, and constantly using the terms "cunt", "pussy" "cock", and "tits" despite her objections. This was all done in close proximity to Defendant's male General Manager, who allowed the sexual harassment to continue;

(b) Ms. Burnside's male co-worker also regularly viewed photos of naked women on a computer located in a back room, which was the only area where employees could frequent when not working on vehicles;

(c) Ms. Burnside complained of the co-worker's harassment to Defendant's General Manager, with little results. Ms. Burnside again requested that Defendant's General Manager intervene immediately to correct her co-worker's behavior. Defendant's General Manager declined to do so immediately and indicated that he would get around to it within a few days. Upon enduring two additional days of sexual harassment, Ms. Burnside contacted Defendant's male owner and advised that she was leaving because of the sexual harassment and the sexually hostile environment in the workplace .

8. The effect of the practices complained of in paragraph 7 above has been to deprive Erin Burnside of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Erin Burnside.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of sex, in violation of 703(a) of Title VII, 42 U.S.C. Section 2000e-2(a).

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for female employees and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Erin Burnside, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to her rightful place position and front pay.

D. Order Defendant to make whole Erin Burnside by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain, suffering, mental anguish, embarrassment, inconvenience, and humiliation, in amounts to be determined at trial.

E. Order Defendant to make whole Erin Burnside by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, in amounts to be determined at trial.

F. Order Defendant to pay Erin Burnside punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Acting Regional Attorney

_Lawrence Mays_
Lawrence Mays (0038288)

EQUAL EMPLOYMENT
OPPORTUNITY
COMMISSION
Cleveland Field Office

AJC Federal Building
1240 East Ninth Street – Suite 3001
Cleveland, Ohio  44199
Lawrence.Mays@eeoc.gov
(216) 522-4796